UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| In re: <br><br> **ANDREW J. PERRY,** <br><br> Debtor. | Case No. 22-10548-357 <br><br> Chapter 7 |
| **SARAH PERRY,** <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW J. PERRY,** <br><br> Defendant. | Adv. Proc. No. 23-1003-357 |

### MEMORANDUM OPINION ON SUMMARY JUDGMENT

  Plaintiff Sarah Perry commenced this adversary proceeding against her ex-husband, Debtor Andrew J. Perry, seeking a determination that a judgment she obtained against him pre-petition in Missouri state court is excepted from judgment under 11 U.S.C. § 523(a)(15). As contemplated by Federal Rule of Civil Procedure 56(f)(3), I gave the parties notice that I was considering whether summary judgment might be appropriate on the basis that the judgment established the amount and nature of the debt under the doctrine known as collateral estoppel or issue preclusion. Having reviewed the undisputed facts, the parties' submissions, and the record of this proceeding, I will grant summary judgment to Ms. Perry for the reasons explained below.

### I.     Undisputed Facts

  The following facts have been admitted by the Debtor in his answer or are reflected in the record of the parties' prior litigation in the matter captioned *Perry v. Perry*, No. 22CG-SC00063 (also described as 22CG-SC00063-01), in the Circuit Court of Cape Girardeau County, Missouri (the "Small-Claims Litigation").

Ms. Perry and the Debtor were married at one time, but the marriage ended in divorce. The divorce decree was entered on December 3, 2012 by the Circuit Court of Cape Girardeau County (the "2012 Decree"). The text of the 2012 Decree is not in the record, but the Debtor acknowledges that it requires him to pay half of the children's medical and dental expenses, to the extent that they are not covered by an insurance plan. Ms. Perry contends that the Debtor's obligations under the 2012 Decree are somewhat broader and include (a) half of the premiums for the insurance plans themselves; (b) half of the costs of vision insurance and half of out-of-pocket vision expenses; and (c) half of the costs of the children's extracurricular activities. In his answer, the Debtor neither admitted nor denied Ms. Perry's allegations regarding these three categories of expenses.[1]

Ms. Perry commenced the Small-Claims Litigation on August 17, 2022. In her petition, she requested $3,913.83 in damages from the Debtor, alleging that this amount accrued between July 25, 2018 and August 16, 2022 as a result of his refusal to pay for various medical and extracurricular expenses. She alleged specifically that "Agreement for payment was made and defined in Dec. 2012 divorce."

Both parties appeared *pro se* at a hearing before an associate circuit judge on September 28, 2022. The court took testimony and entered a judgment later that day, awarding Ms. Perry $3,620.54 on "the original claim in this case."

The Debtor filed a timely application for a trial *de novo* on October 7, 2022. *See generally* § 482.365(2), RSMo. Both parties again appeared *pro se* at the trial *de novo* on November 2, 2022. One week after the trial, the circuit judge entered a judgment in a slightly larger amount, $3,903.53, on "the original claim in this case" (the "Judgment"). Neither party appealed, and the Judgment became final on December 9, 2022. *See* Mo. Ct. R. 75.01.

The Debtor filed his Chapter 7 bankruptcy case on December 13, 2022. Ms. Perry timely commenced this proceeding by filing a complaint on February 23, 2023. She seeks a determination that the debt underlying the Judgment is excepted from the Debtor's discharge, which he received on March 29, 2023, under Section 523(a)(15) of the Bankruptcy Code.

In response to my notice under Rule 56(f)(3), the parties have stipulated to the authenticity of certain documents relating to the Small-Claims Litigation. The Debtor also filed a response acknowledging that the summary-judgment record establishes the *existence*

---

[1] Ms. Perry's complaint is in the form of a letter; it does not include numbered paragraphs that lend themselves to straightforward admissions and denials. I intend no criticism of the Debtor for his failure to address these types of expenses specifically in his answer.

and *amount* of his debt to Ms. Perry, but not the *nature* of that debt. In other words, the Debtor argues that whether the debt was "incurred in connection with … a divorce decree" is a disputed issue for trial. 11 U.S.C. § 523(a)(15).

## II.     Jurisdiction

The Court has jurisdiction of this adversary proceeding, which arises under Title 11 and relates to the Debtor's bankruptcy case, under 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), and both parties have consented to my entry of a final judgment in this proceeding.

## III.    Analysis

### A.     Summary Judgment

Summary judgment is appropriate if "there is no genuine dispute as to any material fact" and a party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is "no genuine issue for trial" if "the record taken as a whole could not lead a rational trier of fact" to find for one of the parties. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (cleaned up).

### B.     Exception to Discharge Under Section 523(a)(15)

The discharge of an individual debtor affects "all debts that arose before the date of the order for relief," except for the categories of debts specified in Section 523 of the Bankruptcy Code. 11 U.S.C. § 727(b). Section 523(a)(15), on which Ms. Perry relies, excepts from the discharge a debt to a "former spouse" that is incurred "in connection with a separation agreement, divorce decree or other order of a court of record." 11 U.S.C. § 523(a)(15).[2] Exceptions to discharge are construed narrowly, *see Werner v. Hofmann*, 5 F.3d 1170, 1172 (8th Cir. 1993), but a court should not "artificially narrow" the ordinary meaning of the language used by Congress. *Bartenwerfer v. Buckley*, 143 S. Ct. 665, 673 (2023).

### C.     Preclusion Principles Generally

Judicial proceedings are given "the same full faith and credit" in federal court as they have in the state court in which they were held. 28 U.S.C. § 1738. Collateral estoppel may preclude a debtor or a creditor from relitigating an issue previously decided by a state court,

---

[2] Ms. Perry has alleged that the debt at issue is not child support. The Debtor has not addressed this allegation directly, but the question is not material. Even if the debt qualified as child support, it would be a "domestic support obligation" that is excepted from discharge. 11 U.S.C. § 523(a)(5).

even if the issue is fundamental to a bankruptcy court's decision whether a debt is excepted from discharge. *See, e.g., Grogan v. Garner*, 498 U.S. 279, 284-85 n.11 (1991) (fraud under § 523(a)(2)); *In re Madsen*, 195 F.3d 988, 989 (8th Cir. 1999) (willful and malicious injury under § 523(a)(6)). The preclusive effect of the Judgment is determined by the law of the forum state, Missouri. *See Madsen*, 195 F.3d at 989; *In re Asbury*, 195 B.R. 412, 415 (Bankr. E.D. Mo. 1996).

Collateral estoppel in Missouri means that "when an issue of ultimate fact has been determined by a valid judgment, it may not again be litigated between the same parties." *King General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 500 (Mo. 1991). The doctrine applies when (1) the party against whom collateral estoppel is asserted participated or stands in privity with a party in the prior case; (2) that party had a full and fair opportunity to litigate the issue in question; (3) the issues in the present case and the prior adjudication are identical; and (4) the prior judgment is on the merits. *See In re Scarborough*, 171 F.3d 638, 641-42 (8th Cir. 1999). Collateral estoppel applies only to an issue that was necessarily decided in the earlier proceeding. *State v. Nunley*, 923 S.W.2d 911, 922 (Mo. 1996).

The party requesting the application of collateral estoppel bears the burden to establish that these elements are satisfied. *See In re Miera*, 926 F.2d 741, 743 (8th Cir. 1991). Whether the prior judgment is correct is not at issue. *See Buckley v. Buckley*, 889 S.W.2d 175, 179 (Mo. Ct. App. E.D. 1994); *see generally Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292 (2005) (noting that lower federal courts do not have subject-matter jurisdiction of an action seeking "to overturn an injurious state-court judgment").

D.   **Preclusion and Small-Claims Proceedings**

A threshold question is whether a judgment in a small-claims case has any preclusive effect in Missouri. An opinion from the Missouri Court of Appeals suggests that such a judgment should not collaterally estop the losing party. *See State Farm Fire & Casualty Co. v. Emde*, 706 S.W.2d 543, 546 (Mo. Ct. App. S.D. 1986). The *State Farm* court concluded that parties do not have a full and fair opportunity to litigate an issue in small-claims court because of the informality of procedures, the lack of discovery, and the inability to demand a jury. *See id.*; *see also* Restatement (Second) of Judgments § 28(3) (1982). More recent cases establish that small-claims judgments are sufficient to trigger claim preclusion (also known as *res judicata*), but they do not directly address issue preclusion. *See Clark v. Kinsey*, 405 S.W.3d 551, 553 (Mo. Ct. App. E.D. 2013); *Doherty v. McMillen*, 805 S.W.2d 361, 362 (Mo. Ct. App. E.D. 1991).

Absent an authoritative ruling on the preclusive effect of a small-claims judgment, I must predict how the Supreme Court of Missouri would resolve the question. *See In re*

*Dittmaier*, 806 F.3d 987, 989 (8th Cir. 2015). In so doing, I consider "relevant state precedent, analogous decisions, considered dicta, and any other reliable data." *Id.* (cleaned up).

*Bresnahan v. May Department Stores Co.*, 726 S.W.2d 327 (Mo. 1987), is particularly compelling on this point. In that case, the court held that a decision of the Labor and Industrial Relations Commission in an unemployment-benefits dispute was entitled to collateral-estoppel effect in a later lawsuit between the former employee and former employer, concluding in particular that the employee "had a full and fair opportunity to litigate the fact issue in the administrative proceeding." *Id.* at 330. Two judges dissented, relying extensively on the then-recent decision of the court of appeals in *State Farm* and pointing out that in an unemployment proceeding, the rules of evidence do not apply, discovery is not allowed, and parties often proceed without counsel. *See id.* at 332-33 (Blackmar, J., dissenting). The fact that these points did not persuade the four judges who joined the majority opinion, and apparently did not persuade a fifth judge, who concurred in the result, is persuasive evidence that *State Farm* does not reflect the current state of Missouri law.³

Other considerations point to the same conclusion. Although it is not clear from the *State Farm* opinion, it appears that the dispute arose from an initial trial in small-claims court and not a trial *de novo*. In a trial *de novo*, "more stringent rules of evidence apply." *Bolin v. Hanton*, 924 S.W.2d 15, 15 (Mo. Ct. App. E.D. 1996). *Compare* Mo. Ct. R. 144.01 (trial in small-claims division "shall be conducted in an informal manner") *with* § 482.365(2), RSMo. (trial de novo "shall be governed by the practice in trials before circuit judges"). And Ms. Perry is not attempting to bootstrap a fact established in a proceeding involving a trivial sum into a litigation victory worth far more. *Cf.* Restatement (Second) of Judgments § 28 cmt. d (procedures in small-claims court "may be wholly inappropriate to the determination of the same issues when presented in the context of a much larger claim"). The stakes in the Small-Claims Litigation and in this adversary proceeding are the same, and nothing about the circumstances indicates that the Debtor had less incentive to litigate in small-claims court than he does here.⁴

---

³ The Missouri Legislature limited the collateral-estoppel effect of unemployment decisions in 1988. *See* § 288.215(1), RSMo. But the state and federal courts recognize that the reasoning of *Bresnahan* continues to apply to administrative adjudications generally. *See, e.g., State ex rel. Missouri Gas Energy v. Public Service Commission*, 224 S.W.3d 20, 26 (Mo. Ct. App. W.D. 2007); *Green v. City of St. Louis*, No. 19-cv-1711, 2019 WL 4986075, at *2 (E.D. Mo. Oct. 8, 2019).

⁴ Even if there were a disparity, that probably would not make a difference under Missouri law. The *Bresnahan* dissenters argued forcefully that a finding concerning "extremely modest" unemployment benefits should not jeopardize a lawsuit for wrongful termination,
(footnote continued)

For these reasons, I conclude that if it were presented with the question, the Supreme Court of Missouri would conclude that a judgment of a circuit court, entered after a trial *de novo* of a small-claims case, is entitled to collateral-estoppel effect in a subsequent proceeding.

### E. Application of the Law to the Undisputed Facts

Most of the elements of collateral estoppel are not in dispute here: the parties are the same; the Debtor had a full and fair opportunity to litigate in the Small-Claims Litigation; and the Judgment was rendered on the merits. And many of the important facts also are uncontested: the Debtor acknowledges that the Judgment establishes the amount of his debt to Ms. Perry, and there is no question that the 2012 Decree is a "divorce decree" for purposes of Section 523(a)(15).

The remaining question is whether the Small-Claims Litigation established that the debt was "incurred in connection with" the 2012 Decree. *See Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (court must review the record to determine what was decided). The record clearly shows that Ms. Perry *asked* the state court to award her amounts owed under the 2012 Decree, but the Judgment was not accompanied by findings of fact, conclusions of law, or a detailed explanation of the legal basis of the Debtor's obligation to her. For this reason, the Debtor argues, in collateral-estoppel terms, that the issues in the two proceedings are not identical or, alternatively, that the legal basis of the claim was not necessarily decided in the Small-Claims Litigation.

This argument is not available to the Debtor under Missouri law. "Inherent in the doctrine [of collateral estoppel] is the assumption that juries do their duty and follow instructions." *Hudson v. Carr*, 668 S.W.2d 68, 70 (Mo. 1984). That assumption has at least as much validity when the factfinder is a judge with legal training and expertise. Moreover, the Judgment states that the court found for Ms. Perry on "the original claim in this case," and the record does not include an amended petition or any other indication that the case took an unexpected turn. The principle that "'a party cannot recover for a cause of action not pleaded'" applies in small-claims proceedings, as it does elsewhere. *Brand v. Mathis & Associates*, 15 S.W.3d 403, 405-06 (Mo. Ct. App. S.D. 2000) (reviewing judgment entered after small-claims trial *de novo*) (quoting *Clay v. Missouri Highway & Transportation Commission*, 951 S.W.2d 617, 631 (Mo. Ct. App. W.D. 1997)).

An argument that an issue was not necessarily decided in prior litigation is most likely to succeed when the factfinder has not specified which of several possible paths led it to its

---

but the majority was not persuaded. *See Bresnahan*, 726 S.W.2d at 333 (Blackmar, J., dissenting).

conclusion. For example, when a jury renders a general verdict in a case involving multiple claims, it can be difficult to determine which issues the jury must have decided and which it may not have decided. *See generally State v. Dowell*, 311 S.W.3d 832, 837 (Mo. Ct. App. E.D. 2010). Similar complications may arise when a judge identifies alternative grounds for a decision in a case tried without a jury. *See In re Delany's Estate*, 258 S.W.2d 613, 616 (Mo. 1953); *Herrera v. Wyoming*, 139 S. Ct. 1686, 1710-11 (2019) (Alito, J., dissenting) (noting that Supreme Court has not determined issue-preclusive effect of alternative grounds for judgment). But these challenges are not present in this case. The Small-Claims Litigation involved a single claim, and the state court could not have awarded Ms. Perry the amounts she sought under the 2012 Decree without determining that those amounts were owed by the Debtor under the 2012 Decree. *See Nelson v. Swing-A-Way Manufacturing Co.*, 266 F.2d 184, 187 (8th Cir. 1959) (a fact may be necessarily decided "even if there is no specific finding or reference thereto"); Mo. Ct. R. 73.01(c) (absent specific findings of fact, all fact issues "shall be considered as having been found in accordance with the result reached").

In sum, the state court necessarily determined that Ms. Perry's claim against the Debtor arose under their divorce decree. Under principles of collateral estoppel, the Debtor may not relitigate that issue in this proceeding. Because all elements of Ms. Perry's claim in this case—that the debt reflected in the Judgment is excepted from the Debtor's discharge under Section 523(a)(15)—have been established in the Small-Claims Litigation or conceded in this proceeding, no disputed issues remain to be tried.

### IV. Conclusion

For these reasons, Ms. Perry is entitled to summary judgment in this adversary proceeding. Judgment will be entered separately.

Dated: May 12, 2023  
St. Louis, Missouri  
cjs

*/s/ Brian C. Walsh*  
Brian C. Walsh  
United States Bankruptcy Judge

Copies to:

**Sarah Perry**  
812 Asarum Ln  
Jackson, MO 63755  
PLAINTIFF

**Andrew J Perry**
1844 Lawanda Dr
Cape Girardeau, MO 63703
DEFENDANT

**Lesley M Dormeyer**
The Jewel Law Firm LLC
1416 North Kingshighway
Cape Girardeau, MO 63701
ATTORNEY FOR DEFENDANT